IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT L. DUNAGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 11-00280-KD-C |
| | ) |
| ABBC, INC., d/b/a/ PICK 'N SAVE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Plaintiff Robert L. Dunagan's application for default judgment. (Doc. 9). Dunagan seeks entry of a default judgment on grounds that defendant ABBC, Inc., has failed to appear or otherwise defend. For the reasons set forth herein, the application for default judgment is **DENIED** with leave to re-file upon showing of proper service upon defendant ABBC, Inc.

On June 1, 2011, plaintiff Dunagan filed a complaint pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, seeking unpaid overtime wages, liquidated damages, interest, and reasonable attorneys' fees, costs and expenses, as well as declaratory relief. (Doc. 1). On June 2, 2011, the Clerk of Court issued a summons to Dunagan for service upon ABBC, Inc. (Doc. 5).

On June 6, 2011, Dunagan filed a "Proof of Service" declaring that ABBC, Inc. had been served via certified mail on June 4, 2011. (Doc. 6). The "Proof of Service" shows that Dunagan sent the summons and complaint via certified mail to ABBC, Inc., d/b/a/ Pick 'N Save at 105 Wall Street, Richland, Georgia, 31825-1311. (*Id.*) The return receipt appears to have been signed on June 4, 2011, by Stan or Sam, Holifield or Holtzfeld. (*Id.*). On June 30, 2011, a

1

request for entry of default was filed with the Court and on July 7, 2011 the Clerk entered default as to ABBC, Inc. (Docs. 7, 8).

Dunagan now seeks default judgment against ABBC, Inc., on basis that it has not appeared or otherwise defended this action. However, this court lacks jurisdiction to enter judgment against a party that has not properly been served with process. *See, e.g., Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.") (citation omitted); *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."). Thus, this Court must be certain that valid service of the summons and complaint has been made before entering default judgment against ABBC, Inc.

Rule 4(h), of the Federal Rules of Civil Procedure provides that a corporation may properly be served with process "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed.R.Civ.P. 4(h)(1)(B). The Rule also provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A), (e)(1).

Thus, Dunagan could opt for service under Alabama law, where this district court is located, or under Georgia law where service was made. Under Alabama rules, Dunagan could perfect service of process on ABBC, Inc., by serving "a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala.R.Civ.P. 4(c)(6). Also,

service of process may be made by certified mail upon such agent. *See* Ala.R.Civ.P. 4(i)(2)(A). Under Georgia law, personal service upon a corporation shall be made by delivering the summons and complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof . . ." O.C.G.A. § 9-11-4 (e)(1). However, "Georgia law, like the federal rules, requires personal service unless the defendant executes a waiver of personal service" and therefore, ABBC, Inc. cannot be served by certified mail under Georgia law. *Walker v. Firestone*, 2008 WL 2744391, 2 (N.D. Ga. July 11, 2008)(citing O.C.G.A. § 9-11-4 and *Ritts v. Dealers Alliance Credit Corp.*, 989 F.Supp. 1475, 1478 (N.D. Ga. 1997) (underlining that "the mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not sufficient under Georgia law to perfect service"); *Madden v. Cleland*, 105 F.R.D. 520, 523 (N.D. Ga. 1985) ("Georgia law has no provision for service by mail."); *KMM Indus., Inc. v. Prof'l Ass'n, Inc.*, 164 Ga. App. 475, 297 S.E. 2d 512, 513 (Ga. Ct. App. 1982) (noting that "[t]here is no provision in Georgia law which authorizes a party to serve a defendant corporation directly by certified or registered mail") (emphasis in original)).

Thus, Dunagan cannot serve ABBC, Inc. by certified mail under Georgia law. However, under Alabama law, he can serve "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed.R.Civ.P. 4(h)(1)(B), by certified mail. The Court presumes that Dunagan selected the latter method.

However, the Court had no evidence to establish that Sam Holifeld or Stan Holzfeld is "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" for ABBC, Inc. *Id*. Since Dunagan attempted service on ABBC, Inc, at 105 Wall Street, Richland, Georgia, 31825, the address at which the return receipt was

3

signed by Holifield/Holzfeld), the Court reviewed the records of the Georgia Secretary of State to see whether he was the registered agent or an officer. However, those records indicate that ABBC, Inc., is a foreign corporation with a principal office address of 1088 Heiferhorn Drive, Columbus, Georgia 31904, and the registered agent is Arnold B. Boles, whose address also is 1088 Heiferhorn Drive, Columbus, Georgia 31904. The records of the Georgia Secretary of State showed that another corporation, ABB, Inc., is a domestic corporation, with its principal office at 105 Wall Street, Richland, Georgia 31825-1311. Curiously, its registered agent is also Arnold B. Boles, whose address is 1088 Heiferhorn Drive, Columbus, Georgia 31904. The Georgia records do not indicate the nature of business. None of the records indicated that Holifield/Holzfeld was an officer of either corporation.

Also, the records of the Alabama Secretary of State show that ABBC, Inc, is a domestic corporation with its principal address at 1346 Whisper Ridge Road, Auburn, Alabama 36830 and its registered agent as John Boles at that same address. The records show the nature of business as grocery store. Again, Holifield/Holzfeld was not identified as an officer.

Thus, based on the above, neither the Georgia corporation nor the Alabama corporation named ABBC, Inc., has its principal office at 105 Wall Street, Richland, Georgia. Also, the Court has no evidence that Holifield/Holzfeld is an officer, managing or registered agent, or authorized by appointment or law to accept service on behalf of ABBC, Inc., regardless of the address to which the summons and complaint were mailed.

**DONE** and **ORDERED** this the 14th day of October, 2011.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**