**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ROBERT L. DUNAGAN,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **CIVIL ACTION NO. 11-00280-KD-C** |
| | ) |
| **ABBC, INC., d/b/a/ PICK 'N SAVE,** | ) |
| | ) |
|    **Defendant.** | ) |

### ORDER

This action is before the Court on the joint motion for approval of settlement (docs. 20-22).  Upon consideration of the motion, and for the reasons set forth herein, the Court finds that additional information is necessary in order for the Court to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute".  *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1354 -1355 (11th Cir. 1982).  Accordingly, plaintiff Robert L. Dunagan is **ORDERED** to provide the Court on or before **March 16, 2012**, an itemized statement of the number of hours expended, the work performed, and the hourly rate.

The Fair Labor Standards Act provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  In that regard, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions." *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009).

This review is especially important where the claimant has compromised the claim, as in this action where Dunagan compromised his claim from 955 hours of unpaid overtime

compensation to 633 hours.[1] *Id.* at 351 ("The language of the statute contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'") (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)); *see also Longcrier v. HL-A Co., Inc.*, 2009 WL 971297 (S.D. Ala. Apr. 8, 2009) (addressing a settlement wherein the plaintiffs acknowledged that the settlement funds represented 100% of their back pay and finding that "[a]lthough it may be perfectly justifiable, an unexplained arrangement wherein more than two-thirds of the settlement proceeds are paid to plaintiffs' lawyers rather than to plaintiffs themselves raises unanswered questions as to reasonableness.")

Hence, this Court will further consider the reasonableness of Dunagan's settlement agreement upon receipt of the additional documentation in support of the reasonableness of the attorney's fees requested. "In scrutinizing the reasonableness of an FLSA attorney's fee award, courts have utilized the time-honored lodestar method." *Longcrier*, at *1. Therefore, the parties are expected to provide the Court with sufficient documentation that it may utilize the lodestar method. *See Padurjan v. Aventura Limousine & Transp. Service, Inc.*, 441 Fed.Appx. 684, 686, (11th Cir. 2011) ("To calculate reasonable attorneys' fees, courts are to consider the number of hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services. These amounts are multiplied together to determine the so-called 'lodestar.'" which may then be adjusted "as necessary in the particular case.") (citations omitted).

**DONE** and **ORDERED** this 2nd day of March, 2012.

 s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that multiplying $13.43 by 633 hours yields $8,501.19 as opposed to $8,325.17.  Multiplying 955 hours by $13.43 yields $12,825.65.  Thus, Dunagan compromised his claim by approximately $4,300;  $8,600  with liquidated damages.