IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT L. DUNAGAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 11-00280-KD-C |
| | ) |
| **ABBC, INC., d/b/a/ PICK 'N SAVE,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This action is before the Court on the parties' motion for approval of settlement (docs. 20-22), the parties' joint submission of settlement agreement (doc. 24) and supplemental submissions regarding attorney's fees and costs (doc. 26, 27).[1]  Upon consideration and for the reasons set forth herein, the parties' motion for approval of settlement (docs. 20-22) is GRANTED.   Therefore, the settlement is APPROVED as a fair and reasonable resolution of a bona fide dispute over Fair Labor Standards Act provisions, plaintiff Robert L. Dunagan is due to be paid the sum of $8,325.17 as back wages and $8,325.16 as liquidated damages for a total sum of $16,650.34, and his counsel are due to be paid the sum of $11,707.50 as a reasonable attorney's fee plus court costs of $350.00.

Accordingly, this action is hereby dismissed with prejudice.  Further, the Court does not retain jurisdiction to enforce the settlement agreement. Final judgment as required by *Lynn's Food Stores, Inc. v. United States of America*, 679 F. 2d. 1350 (11th Cir. 1982), shall be entered by separate document.

I. Background

Plaintiff Robert L. Dunagan, Jr. brought this action against defendant ABBC, Inc., doing

---

[1] Dunagan's motion to supplement (doc. 27) is **GRANTED**.

business as Pick 'N Save Market. Dunagan alleges that he was employed with Pick N' Save from 2003 until December 31, 2010 as a produce helper with no supervisory responsibilities. He alleges that he was paid a set salary of $425.15 which was composed of 40 hours per week at $8.95 per hour and 5 hours of overtime per week at $13.43 per hour. Dunagan alleges that he actually worked between 56 and 57 hours per week and seeks to recover unpaid overtime compensation. (Doc. 1)

Defendant Pick N' Save answered and admitted that Dunagan worked during the time frame alleged, had no supervisory responsibilities, and was paid $8.95 per hour and overtime at the rate of $13.43, but denied the allegation as to hours worked or that Dunagan was paid a set salary. Defendant answered seriatim other allegations denying some and admitting others and set forth its affirmative defenses. (Doc. 14).

The parties negotiated, reached a settlement, moved for approval of the settlement, and filed a joint submission of settlement agreement. (Docs. 20-22, 24). In the submission, the parties explain that they have no written settlement agreement but reached an agreement which was a compromise by both parties. Dunagan sought 955 hours of unpaid overtime at $13.43 per hour, or $12,825.65. The terms of the FLSA provide for liquidated damages in an amount equal to the back wages. Thus, adding $12,825.65 yields $25,651.30. Dunagan's claim was compromised to $8,325.17 as back wages and $8,325.16 as liquidated damages for a total of $16,650.34. The parties report that this amount compensates Dunagan for "essentially 633 hours of unpaid overtime".[2]

In order to assess the reasonableness of the attorney's fee requested, $11,333.00, the

---

[2] Since the parties refer to compensation for "essentially" 633 hours, the award appears based on some formula other than multiplying the hourly rate by the number of unpaid hours. By this Court's calculation, 633 hours at $13.43 yields $8,501.19. Adding an equal amount of liquidated damages, $8,501.19, yields $17,002.38. If the parties' computation is simply a math error, then the Court hopes that the parties will "do the math" again.

Court required supplemental documentation.(Docs. 26-27).[3]  In the supplemental documentation, counsel Henry Brewster documents an attorney's fee of $8,670.00 which is based upon an hourly rate of $300.00 for 28.9 hours.  Counsel Philip Perkins documents an attorney's fee of $3,037.50 which is based upon an hourly rate of $250.00 for 12.15 hours.  Counsel states that their combined fees of $11,707.50 exceed the $11,333.33 sought in the motion for approval of settlement. Counsel Brewster supplements his information with a copy of his recent attorney's fee award based upon an hourly rate of $300.00.  *Evans v. Wieser Security,* No. 09-cv-0445-C (S.D. Ala. March 15, 2012) (Doc. 157).   Dunagan also seeks court costs of $350.00.

   II. Settlements of private actions under the FLSA

In *Lynn's Food Stores, Inc. v. United States of America*, 679 F. 2d. 1350 (11th Cir. 1982), the Eleventh Circuit recognized two methods for settlement of claims brought pursuant to the FLSA: supervision by the Secretary of Labor or by court approval in a private action where plaintiff is represented by counsel. The circuit court stated that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.' " *Id.* at 351 (citation omitted).   Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim.

Thus, when the plaintiff settles the claim and agrees to less than the full wages plus the penalty, the plaintiff has compromised as contemplated by Lynn's Foods, and may do so only with Court approval of the settlement agreement. The rationale is that

> [s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere

---

[3]  Plaintiff's motion to supplement the attorney fee affidavit is GRANTED. (Doc. 27).

waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's*, 679 F.2d at 1354.  The circuit court concluded that

[o]ther than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

*Lynn's*, 679 F.2d at 1355.

Therefore, before entry of a stipulated judgment, the Court must determine whether there is a "bona fide dispute over FLSA provisions", and then determine whether the settlement agreement proposed is a fair and reasonable resolution of that dispute.

   III. <u>Bona fide dispute over FLSA provisions</u>

Section 216(b) provides that " . . . [a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . "  29 U.S.C. § 216(b).  Section 207 is captioned "Maximum Hours"  and paragraph (a)(1) states as follows:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

Upon review of the complaint and answer (docs. 1, 14), the Court finds that there is a

"bona fide dispute" as to whether the FLSA applies or Dunagan's employment is exempt, whether there has been a violation of § 207(a)(1) for overtime pay and the number of overtime hours, as well as whether Dunagan's claims are barred by the applicable statute of limitation in the FLSA or other affirmative defenses. *See Lynn's Food Stores*, 679 F.2d at 1353.

    IV. <u>Fair and reasonable resolution</u>

In *Silva v. Miller*, 307 Fed. Appx. 349 (11th Cir. 2009), the circuit court explained that the FLSA imposes a heightened duty on the Court to "scrutinize for fairness" a settlement agreement in a private claim brought pursuant to the Act.   The Court may approve a compromise of an FLSA claim where there are "problems" which warrant a reasonable compromise. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010) ("Problems, for example, in proving hours-worked or "non-exempt" status-or the presence of some other lawful defense to payment (if any)-may warrant a reasonable compromise, if the court approves."); *Meek v. Wachovia Corporation*, 2007 WL 2728404, 2 (M.D. Fla. Sept. 17, 2007) ("The settlement to Plaintiff is a reflection of the difficulties of proof Plaintiff faced, should he proceed to trial, and makes allowances for the inherent difficulties and costs of a trial.").

The parties report that both sides compromised "[i]n light of uncertain results, the dispute over legal exemptions, and the normal vagaries of any litigated suit" and "reached an arms-length bargained settlement." (Doc. 22, p. 2).  The Court observes that in the face of this uncertainty, Dunagan compromised the total unpaid hours claimed but did not waive or compromise his right to liquidated damages or attorney fees and court costs.  Therefore, the Court approves Dunagan's compromise of his FLSA claim as a fair and reasonable resolution of his FLSA dispute and Dunagan is due to be paid $8,325.17 as back wages and $8,325.16 as liquidated damages for a total of $16,650.34.

    V. <u>Attorney fees</u>

The FLSA requires that in any action to enforce §207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee

to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  The FLSA also "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x. at 351.  In order to determine the reasonableness of the attorney's fees requested, the Court employs the lodestar analysis: the number of hours reasonably expended multiplied by a reasonable hourly rate.

In the supplemental information regarding attorney's fees (doc. 26-1), counsel apply the guidelines from *Johnson v Georgia Highway Express*, 488 F. 2d 711 (5th Cir. 1974) and begin with an analysis of their proposed reasonable hourly rates: $300.00 for Brewster and $250.00 for Perkins and apply the twelve factors from *Johnson*.  The Court has reviewed the supplemental information including the time sheets showing the hours expended and the work performed by the attorneys.  The Court finds that the hours documented were reasonably expended on the litigation; particularly the hours documented for the initial interview with Dunagan, negotiating the settlement, and updating Dunagan as to the status of his litigation.

As to the hourly rate requested, the Court finds that the rate of $300.00 is a reasonable hourly rate for Brewster who is a skilled and knowledgeable attorney who has practiced law since 1981, routinely practiced in the federal courts since 1987, and thus with greater than twenty-five years experience in the fields of employment law, civil rights and constitutional law. The Court finds that the rate of $250.00 is a reasonable hourly rate for Perkins who is an attorney practicing in the general practice of civil and criminal law with approximately nineteen years of experience.[4]  The Court finds that these hourly rates are in line with the prevailing hourly rates for attorneys of comparable knowledge, skill, and years of experience practicing in the Southern

---

[4] The Court notes that it is not familiar with Perkins or his reputation in the legal community.  While having appeared before other judges in the Southern District, this is the second action in which Perkins has appeared in this Court.

District of Alabama.[5] *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted) ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."). Multiplying the reasonable hourly rates by the number of hours expended yields the lodestar of $8,670.00 ($300.00 x 28.9 hours = $8,670.00) for Brewster and $$3,037.50 ($250.00 x 12.15 hours = $3,037.50) for Perkins, for a total of $11,707.50.

Generally, in this circuit, "there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Longcrier v. HL-A Co., Inc.*, 2009 WL 1118906, 1 (S.D. Ala., Apr. 27, 2009) quoting *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Therefore, the Court finds that the lodestar of $11,707.50 is a reasonable attorney's fee. The Court further finds that the reasonableness of this fee is supported by the attorney's fee negotiated by the parties in their arms-length settlement negotiation: $11,333.33. The lodestar is only slightly more. Therefore, no adjustments to the lodestar are necessary and the Court awards a reasonable attorney's fee in the amount of $11,707.50 and court costs of $350.00 in favor of Dunagan.

DONE and ORDERED this 21st day of March, 2012.

                     s/ Kristi K. DuBose
                     **KRISTI K. DuBOSE**
                     **UNITED STATES DISTRICT JUDGE**

---

[5] As to an award of $300 as a reasonable hourly rate for Brewster, the Court is persuaded by the recent decision in *Evans v. Wieser Security,* No. 09-cv-0445-C (S.D. Ala. March 15, 2012) (Doc. 157).